# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 21-cr-00080-LKG-5 |
| ) | |
| LAMAR JAMAL PERKINS, ) | August 4, 2025 |
| ) | |
| Defendant/Petitioner. ) | |

**MEMORANDUM OPINION AND ORDER ON MOTION TO VACATE SENTENCE**

## I.   INTRODUCTION

On February 5, 2024, the Petitioner *pro se*, Lamar Jamal Perkins, filed a motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255. ECF No. 253. The motion is fully briefed. ECF Nos. 253, 262 and 264. No hearing is necessary to resolve the motion. *See* L.R. 106.5 (D. Md. 2023); 28 U.S.C. § 2255. For the reasons that follow, the Court **DENIES** the Petitioner's motion (ECF No. 253).

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A. Factual Background

The Petitioner, Lamar Jamal Perkins, is currently serving a 120-month sentence of imprisonment after having been convicted of conspiracy to commit kidnapping, in violation of 18 US.C. § 1201(c). ECF No. 148. The Petitioner stipulated to the following facts in the Plea Agreement:

On February 3, 2021, the Petitioner conspired with others to kidnap a man from the MGM Casino and Hotel located in Oxon Hill, Maryland to an apartment building located in Washington DC. ECF No. 102 at 10-13. The Petitioner served as a look-out for police while his co-defendants assaulted the victim in the apartment building and other co-defendants stole personal property from the victim's hotel room at the MGM. *Id.* Thereafter, the Petitioner and his co-defendants left the kidnapping victim in the apartment building boiler room and departed the area. *Id.*

The Petitioner was arrested for this crime on May 15, 2021. ECF No. 262 at 2.

The parties entered into a Plea Agreement.  ECF No. 102.  In the Plea Agreement, the parties stipulate and agree to a sentence of 120-months imprisonment, pursuant to Fed. R. Crim. P. 11(C)(1)(c).  ECF No. 102 at 5.

On February 4, 2022, the Petitioner pled guilty to conspiracy to commit kidnapping, in violation of 18 U.S.C. § 1201(c).  ECF No. 101.  During the plea hearing, the Petitioner acknowledged, under oath, that he read and reviewed the Plea Agreement with his counsel.  ECF No. 257 at 8:20-9:3 (Re-arraignment/plea hearing Transcript).  The Petitioner also acknowledged that he understood  the rights he was waiving by pleading guilty to this offense, including the right to a speedy jury trial, to file pretrial motions, and to appeal the Court's pretrial and trial decisions.  *Id.* at 6:5-8:2.

During the plea hearing, the Court also confirmed that the Petitioner had signed, understood and reviewed the Plea Agreement with his attorney.  *Id.* 8:14-17.  In addition, the Court reviewed paragraph five of the Plea Agreement, which addresses the Sentencing Guidelines.  *Id.* at 10:1-4.  And so, the Court explained to the Petitioner that the parties had agreed to a base offense level of 32 for his offense and that "a two-level increase applies because a dangerous weapon was used." *Id.* at 14:18-21.

Lastly, the Court explained to the Petitioner how the parties' stipulation as to the sentence under Federal Criminal Rule 11(c)(1)(C) would impact his sentence, and the Petitioner acknowledged that he understood the Court's explanation.  *Id.* at 16:12-17:12.  The Court also explained that the Petitioner would waive certain appeal rights by pleading guilty to the offense. *Id.* at 17:16-23. (THE COURT: There is a waiver of appeal provision. You are waiving all right to appeal your conviction in this case on any ground, and if I impose the agreed upon term of imprisonment of 120 months, then both sides waive their right to appeal the sentence I impose in this case. Do you understand the waiver of appeal provision in this agreement? THE DEFENDANT: Yes, sir.).

The Pre-sentence report ("PSR") provides that the base offense level for the conspiracy to commit kidnapping offense is 34, pursuant to U.S.S.G. §§ 2X1.1 and 2A4.1(b)(3).  ECF No. 118 at ¶ 25.  The PSR also provides that the base offense level is reduced by two, pursuant to U.S.S.G. § 3E1.1(a) and further reduced by one level, pursuant to U.S.S.G. § 3E1.1(b), resulting in a total offense level of 31.  *Id.* at ¶¶ 32-34.  Lastly, the PSR provides that the Petitioner's criminal history score is 12 and criminal history category is Category V.  *Id.* at ¶¶ 50-51.  And

so, the PSR provides that the applicable Sentencing Guidelines range is 168-210 months imprisonment. *Id.* at ¶ 86.

The Court held the sentencing hearing on May 23, 2022. ECF No. 147. During the sentencing hearing, the Court observed that the Petitioner's based offense level was enhanced two levels, to 34, due to a dangerous weapon being used. ECF No. 259 at 3:23-4:3 (Sentencing Transcript). The Court also observed that the Petitioner's offense level was then lowered by three levels, due to his acceptance of responsibility and for pleading guilty. *Id.* at 4:3-10. Given this, the Court concluded that the Sentencing Guidelines range was 168-210 months imprisonment. *Id.* at 4:12. But the Court accepted the parties' agreed upon sentence and sentenced the Petitioner to 120-months imprisonment. ECF No. 147. The Court entered the Judgment on May 24, 2022. ECF No. 148.

### B. Relevant Procedural History

On January 30, 2024, the Petitioner signed his motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. § 2255, which the Court docketed on February 5, 2024. ECF No. 253. On April 16, 2024, the Government filed a response in opposition to the Petitioner's motion. ECF No. 262. The Petitioner filed a reply brief on May 6, 2024. ECF No. 264.

The Petitioner's motion to vacate having been fully briefed, the Court resolves the pending motion.

### III.    STANDARDS FOR DECISION
### A. Motions To Vacate

Pursuant to 28 U.S.C. § 2255, a convicted defendant in federal custody may collaterally attack his conviction or sentence on the grounds that it "was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255, or "involve[d] a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Mikalajunas*, 186 F.3d 490, 496 (4th Cir. 1999) (quoting *United States v. Addonizio*, 442, U.S. 178, 185 (1979)). A petitioner seeking relief from a final criminal judgment bears the burden of establishing his "[f]actual claims . . . by a preponderance of the evidence." *Higgs v. United States*, 711 F. Supp. 2d 479, 509 (D. Md. 2010) (citing *Miller v. United States*, 261 F. 2d 546, 547 (4th Cir. 1958)). In this regard, a petition filed under Section 2255 "is expected to state facts that point to a real possibility of constitutional error." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *Blacklege v. Allison*, 431 U.S. 63, 75 n.7 (1977)). Given this, "vague

3

and conclusory allegations contained in a [Section] 2255 petition may be disposed of without further investigation by the District Court." *Id.* (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)). In addition, Section 2255(f) imposes a strict one-year statute of limitations on the filing of a 2255 petition. 28 U.S.C. § 2255(f). And so, a motion filed pursuant to Section 2255 must be brought within one year of the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

### B. Ineffective Assistance Of Counsel

When evaluating a defendant's claim of ineffective assistance of counsel, the Court considers whether the conduct of the defendant's attorney fell "within the range of competence normally demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984) (citation omitted). And so, claims of ineffective assistance of counsel are decided by applying the following two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.*; *see also Roach v. Martin*, 757 F.2d 1463, 1476-77 (4th Cir. 1985); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

In evaluating the first prong of this test, the Court should make every effort to assess the attorney's conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 690. Because of the difficulty in assessing an attorney's performance, the Supreme Court has recognized that there is a strong presumption that defense counsel's conduct was competent. *Id.* And so, the defendant bears the burden of overcoming the presumption that an attorney's actions were based on "sound trial strategy" and proving that defense counsel's assistance did not reach an "objective standard of reasonableness." *Id.* at 688-89.

The second prong of the test requires the defendant to show that the attorney's conduct actually prejudiced the defense. *Id.* To satisfy this prong, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Id.* at 694.  And so, if the defendant is unable to make both of these showings, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process" that led to an unreliable verdict.  *Id.*

Lastly, when a claim of ineffective assistance of counsel relates to a guilty plea, the defendant "must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)).  Given this, the defendant has the burden of proving "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Id.* at 162-63 (2012) (alteration in original) (internal quotation marks omitted) (quoting *Hill*, 474 U.S. at 59).  To demonstrate that counsel was constitutionally ineffective when a defendant enters a guilty plea, the defendant must show: (1) that counsel's representation fell below an objective standard of reasonableness and (2) that the defendant was prejudiced as a result. *Lee v. United States*, 582 U.S. 357, 362-63 (2017).  The Court must also consider whether there was an adequate showing that the defendant, if properly advised, would have opted to go to trial. *Id.* at 364.  And so, only when both prongs of the *Strickland* test are satisfied can it be said that "the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Strickland*, 466 U.S. at 687.

### C. Fourth Amendment Claims

This Court has held that a Fourth Amendment claim cannot be raised in a Section 2255 motion unless the petitioner can show that the alleged wrongful seizure induced his plea or made it involuntary. *Howard v. United States*, No. JFM-00-3088, 2001 WL 34036596, at *4 n.5 (D. Md. Mar. 21, 2001) (citing *Gioiosa v. United States*, 684 F.2d 176, 180-81 (1st Cir. 1982)).  The Fourth Circuit has also held that a "valid guilty plea constitutes an admission of the material elements of the crime . . . and waives non-jurisdictional errors, including claims of unlawful search and seizure based on the Fourth Amendment." *United States v. Moxley*, 3 F. App'x 95, 96 (4th Cir. 2001) (citations omitted).

### D. Amendment 821

Lastly, Amendment 821 to the United States Sentencing Guidelines changed the application of the Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on the commission of an offense while serving a criminal justice sentence, or (b) presented zero criminal history points at the time of sentencing.  *See*

U.S.S.G. amend. 821. Specifically, Part A of this amendment amends Section 4A1.1 of the Sentencing Guidelines to strike the two status points previously assessed under Section 4A1.1(d) for defendants who committed their offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release or escape status. *Id.* at Part A. In addition, Part A adds a new subsection (e), that adds one criminal-history point instead of two points for any defendant who receives seven or more points and who committed his offense while under any criminal-justice sentence as described above. *Id.*

## IV.   ANALYSIS

The Petitioner has moved to vacate his sentence, pursuant to 28 U.S.C. § 2255, upon the following grounds: (1) the two-level enhancement under U.S.S.G. § 2A4.1(b)(3) "now violates the 5th amendment," due to "the passage of House Bill 821 and its implementation"; (2) the Government did not obtain a search warrant to access his cell phones, in violation of the Fourth Amendment; and (3) ineffective assistance of counsel. ECF No. 253. And so, the Petitioner requests that the Court vacate his sentence. *Id.*

In its response in opposition to the Petitioner's motion, the Government counters that the Court should not vacate the Petitioner's sentence, because: (1) the Petitioner's motion to vacate is untimely; (2) the Petitioner fails to establish a due process violation, because Amendment 821 did not make any changes to the dangerous weapon two-level enhancement under U.S.S.G. § 2A4.1(b)(3), which properly applies to his case; (3) the search of the Petitioner's cell phone was authorized by a valid search warrant and his guilty plea precludes the Fourth Amendment claim raised in the motion to vacate; and (4) the Petitioner provides no evidence to support his claim of ineffective assistance of counsel. ECF No. 262. And so, the Government requests that the Court deny the Petitioner's motion to vacate. *Id.*

For the reasons discussed below, the evidentiary record before the Court shows that the Petitioner's motion to vacate is untimely. The Petitioner also fails to establish a due process violation to warrant vacating his sentence. In addition, the evidence before the Court shows that the search of the Petitioner's cell phones was conducted pursuant to a valid search warrant and that the Petitioner fails to provide evidence to support his ineffective assistance of counsel claim. And so, the Court DENIES the Petitioner's motion to vacate.

### A. The Petitioner's Motion Is Untimely

As an initial matter, the Government persuasively argues that the Petitioner's motion to vacate is untimely. Title 28, United States Code, Section 2255(f) imposes a strict one-year statute of limitations for the filing of a Section 2255 petition. Given this, the Petitioner must bring his motion pursuant to Section 2255 within one year of the date on which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1).

In this case, the Petitioner's conviction became final upon expiration of the 14-day time period to file a direct appeal in this case. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (stating that a conviction becomes final for the purpose of starting the one-year limitations period when the opportunity to appeal expires); *see also* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . entry of . . . the judgment . . . ."). The Court entered the Judgement in this case on May 24, 2022. ECF No. 149. Given this, the one-year statute of limitations period began to run on June 7, 2022, which is fourteen days after entry of the Judgment. And so, the Petitioner's deadline for filing a Section 2255 motion was no later than June 7, 2023. *Clay*, 537 U.S. at 532.

Because the Petitioner filed the instant motion on February 5, 2024, which is well beyond the statute of limitations period, the Court must DENY the Petitioner's motion as untimely.

### B. The Petitioner Has Not Shown A Due Process Violation

Notwithstanding the aforementioned concerns about the untimeliness of the Petitioner's motion to vacate, a careful review of the factual record for this case also shows that the Petitioner fails to establish a due process violation that would warrant vacating his sentence. In his motion to vacate, the Petitioner raises two grounds for vacating his sentence upon due process grounds: (1) the application of the two-level enhancement under U.S.S.G. § 2A4.1(b)(3) violates his Fifth Amendment Due Process rights, in light of Amendment 821 and (2) and the two-level enhancement under U.S.S.G. § 2A4.1(b)(3) should not have been applied to him in this case. ECF No. 253 at 11-12. The Petitioner's arguments are not persuasive for two reasons.

First, Amendment 821 does not alter the two-level enhancement under U.S.S.G. § 2A4.1(b)(3) for using a dangerous weapon in connection with a conspiracy to commit kidnapping offense. Amendment 821 changed the application of the Sentencing Guidelines with respect to certain offenders who either: (a) earned criminal history "status points" based on commission of an offense while serving a criminal justice sentence, or (b) presented zero

7

criminal history points at the time of sentencing. *See* U.S.S.G. amend. 821. This amendment did not make any changes to U.S.S.G. § 2A4.1(b)(3)'s two-level enhancement. And so, the Petitioner has not shown that Amendment 821 is applicable to his sentence, or warrants vacating his sentence.

Second, the undisputed evidentiary record before the Court shows that the two-level enhancement under U.S.S.G. §2A4.1(b)(3) has been appropriately applied in this case. The stipulation of facts in the Plea Agreement makes clear that, after the defendant's kidnapped the victim, one of the Petitioner's co-defendants pointed a gun and then struck the kidnapping victim in the head with a firearm. ECF No. 102 at 10-11. The stipulation of facts also makes clear that the victim then gave up the code to his safe and was then lead, at gunpoint, to a boiler-room of the apartment building. *Id.* The Petitioner also acknowledge in the stipulation of facts that he stood as a look out for police outside of the building and instructed his co-defendants to keep the victim quiet. *Id.*

Given this, the stipulation of facts makes clear that the Petitioner and his co-defendants used a dangerous weapon (the firearm) to coerce compliance from the kidnapping victim. *See* U.S.S.G. §2A4.1(b)(3) and Commentary Application Note 2 ("'A dangerous weapon was used' means that a firearm was discharged, or a 'firearm' or 'dangerous weapon' was 'otherwise used'); §1B1.1 Commentary Application Notes 1(J) ("'Otherwise used' with reference to a dangerous weapon (including a firearm) means that the conduct did not amount to the discharge of a firearm but was more than brandishing, displaying, or possessing a firearm or other dangerous weapon."). The stipulation of facts also makes clear that it was "reasonably foreseeable in connection with that criminal activity" to the Petitioner that the firearm would serve to control and get information and property from the kidnapping victim. *See* U.S.S.G. §1B1.3(a)(1)(B)(iii); *see also United States v. Acevedo*, 824 F.3d 179, 185 (1st Cir. 2016); *United States v. Lazo*, 816 F. App'x 752, 771 (4th Cir. 2020) ("Having been presented with evidence that the crimes of which [the defendant] was convicted involved the threat of violence and, in at least one situation, the brandishing of a firearm by his codefendant, we find that the district court correctly rejected [the defendant's] role enhancement objections."). And so, the Petitioner also has not establish a due process violation based upon the application of U.S.S.G. § 2A4.1(b)(3)'s two-level enhancement to his case.

### C. The Search Of The Petitioner's Cell Phones Was Authorized By A Search Warrant

The Petitioner's argument that the Court should vacate his sentence, because the Government did not obtain a search warrant before searching his cell phones, is equally unavailing. To the extent that the Petitioner has not waived this claim pursuant to the Plea Agreement, it is unsubstantiated by the factual record.[1] *See Howard v. United States*, No. JFM-00-3088, 2001 WL 34036596, at *4 n.5 (D. Md. Mar. 21, 2001) (citing *Gioiosa v. United States*, 684 F.2d 176, 180–81 (1st Cir.1982)) (A Fourth Amendment claim cannot be raised in a § 2255 motion unless the applicant can show that the alleged wrongful seizure induced his plea or made it involuntary.).

As the Government explains in its response in opposition to the Petitioner's motion, the Government obtained and executed a valid search warrant to search the Petitioner's cell phones prior to conducting the search. Specifically, on July 1, 2021, the Court signed two separate search warrants authorizing the searches of the Petitioner's two cell phones. *See* ECF Nos. 262-3, 262-4 and 262-5. The affidavit for these search warrants provides the details of the February 3, 2021, kidnapping and includes transcript excerpts of the Petitioner's cell phone conversations about the kidnapping as it occurred. ECF No. 262-5. It is also undisputed that law enforcement found the Petitioner's cell phones in his pocket during a search incident to his arrest. *See id.*; ECF Nos. 253 and 264.

Given this, the Court is satisfied that search of the Plaintiff's cell phones complied with the Fourth Amendment. And so, the Petitioner has not shown that his Fourth Amendment rights were violated in this case.

### D. The Petitioner Has Not Shown That His Counsel's Performance Was Ineffective

As a final matter, the Petitioner's claim that his former Defense Counsel was constitutionally ineffective is also unsubstantiated by the evidence and the litigation history of this matter. When evaluating a defendant's claim of ineffective assistance of counsel, the Court

---

[1] By pleading guilty and entering into a plea agreement with the Government, the Petitioner waived his right to appeal his sentence. ECF No. 27 at 17:16-23 ("THE COURT: Do you understand the waiver of appeal provision in this agreement? THE DEFENDANT: Yes, sir."); *see United States v. Lemaster*, 403 F.3d 216, 223 (4th Cir. 2005) (Affirming the district court's dismissal of the defendant's 28 U.S.C. § 2255 motion "because the transcripts of [the defendant's] Rule 11 colloquy and sentencing hearing conclusively establish that defendant knowingly and voluntarily waived his right to attack his conviction and sentence collaterally . . . .").

considers whether the conduct of the defendant's attorney fell "within the range of competence normally demanded of attorneys in criminal cases." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In doing so, the Court first considers whether the Petitioner's counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Id.* Second, the Court considers whether the deficient performance prejudiced the defense. *Id.*; *see also Roach v. Martin*, 757 F.2d 1463, 1476-77 (4th Cir. 1985); *Hill v. Lockhart*, 474 U.S. 52, 57 (1985).

When, as is the case here, a claim of ineffective assistance of counsel relates to a guilty plea, the Court also considers whether the Petitioner has shown that "the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 162 (2012) (citing *Missouri v. Frye*, 566 U.S. 134, 148 (2012)). In addition, the Court should, without holding an evidentiary hearing, dismiss any Section 2255 motion that necessarily relies on allegations that contradict the sworn statements. *Lemaster*, 403 F.3d at 221-22.

In his motion to vacate, the Petitioner argues that his former Defense Counsel provided ineffective assistance, because: (1) his Defense Counsel knew that the evidence obtained from his cell phones was "illegally obtained, specifically the warrant used to retrieve data from the Petitioner's cell phone was not based on fact but was originally intended to retrieve data from a co-defendant's cell phone"; (2) his Defense Counsel failed to bring this information to the Petitioner's attention; and (3) his Defense Counsel "allowed the Court to enhance [his] 2 points for brandishing a weapon during the commission of a felony pursuant to [U.S.S.G. § 2A4.1(b)(3)]." ECF No. 264 at 1 (cleaned up). The Petitioner's claims of ineffective assistance of counsel are not substantiated by the contemporaneous factual record in this matter for several reasons.

First, as discussed above, the evidence shows that the Government obtained valid search warrants before conducting the search of the Petitioner's cell phones. Second, and as also discussed above, application of the two-level enhancement under U.S.S.G. § 2A4.1(b)(3) was also appropriate in this case.

Given this, the Petitioner has not shown that his counsel's performance fell below the objective standard of reasonableness, and there is no evidence that he would not have pled guilty and insisted on going to trial, but for the allege unsubstantiated errors of his counsel. The Court also observes that the Petitioner stated during the plea hearing that he was satisfied with his

10

negotiated plea agreement and his lawyer's performance. ECF No. 257 at 20:21-21:1 ("THE COURT: Are you satisfied with the job that Mr. Harper has done on your behalf? THE DEFENDANT: Yes, sir. THE COURT: Is it still your desire to enter into this plea agreement and plead guilty? THE DEFENDANT: Yes, sir.")).[2] Given this, the factual record before the Court simply does not show that the Petitioner's counsel was constitutionally ineffective. And so, the Court must DENY the Petitioner's motion to vacate upon this final ground.

## V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the Petitioner's motion to vacate (ECF No. 253).

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

[2] The factual record also makes clear that the Petitioner's guilty plea was knowing and voluntarily made. *United States v. Broce*, 488 U.S. 563, 569 (1989) (noting that where a judgment of conviction upon a guilty plea is subjected to a collateral attack, such as by a Section 2255 motion, the Court's inquiry is "ordinarily confined to whether the underlying plea was both counseled and voluntary"). And so, once entered and accepted by the Court, the Court must afford the Petitioner's guilty pleas a strong presumption of being final and binding. *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (stating that once a guilty plea is entered, there is "a strong presumption that the plea is final and binding"); *United States v. Hyde*, 520 U.S. 670, 676 (1997) (holding that a guilty plea represents an admission by the defendant that "he actually committed the crimes," and that "he is pleading guilty because he is guilty").